## PETITION OF GALE, ET. UX.

### In Equity.

A Court of chancery, on sufficient grounds being shewn, will remove a trustee under a marriage settlement, and appoint a new one.

If the original trustees are dead, the fact that the representative of one is temporarily absent, and the representative of the other unwilling to act, is not *per se*, sufficient to justify the substitution of new trustees. The Court has power to compel such representatives to assume the trusts.

But the Court may with the assent of all parties, substitute new trustees.

But to justify the removal of such representatives as trustees, their refusal or incapability must be shewn, either by answer to the petition for substitution, by affidavits of petitioners, or neglect of representatives to shew cause, on proper citation.

### By CHARLTON, Judge.

THIS is a petition on the equity side of this Court, stating the death of the trustees, in the marriage settlement—the absence of one of the representatives and the unwillingness of the other, to assume and discharge the trusts. The prayer is, to substitute other trustees, named by the petitioners.

A Court of Chancery will remove a trustee, refusing to act—it will appoint a new trustee under a marriage settlement, the trustee, in the settlement, being willing to be removed—it will remove a trustee for breaches and abuses of his functions, and it will accede to the application of a trustee, to be removed and discharged, upon sufficient grounds being stated in his bill: but this application does not precisely fall within any of these cases. It is not alleged, that *Charles Stephens* is permanently removed from this State, and therefore incapable of ever giving that personal attention to the interest of the trust estates, that they may require, and it is only alleged that *R. F. Williams*, the other representative, is unwilling to accept the trust. This is not a ground *per se*, to justify the removal of this representative, because his prin-

cipal having assumed and assented to the discharge of the duties of a trustee, this Court can compel the representative to re-assume his functions. But it is still competent for this Court, to substitute new trustees, all parties formally assenting thereto. The ulterior safety and rights of the issue of this marriage, require the interposition of a Court of chancery to substitute other persons, for the protection of their interests, other than those, named in the settlement. The validity of all acts of the parties, to the deed themselves, depends upon the proper annunciation and notice to the world, of the change in the *media,* through which these acts in the investments and mutations of the trust property may pass and be conveyed. For these purposes there must be a direct or implied refusal, or incapability of these representatives, to discharge the duties expected from, or imposed upon them. This refusal may be either notified to this Court, by an answer to this petition—by affidavits of petitioners, stating incapability from residence abroad, or by refusing to shew cause, why they should not be removed as prayed for in this petition. The latter mode will be the most efficient and regular.

It is therefore *ordered,* that notice stating the substance of the petition, be given in a public Gazette of this city, citing the said *Charles Stephens* and *R. F. Williams,* (to be inserted once a week for the space of sixty days,) and requiring them, and each of them, to shew cause, if any they have, why new trustees as named by petitioners, should not be substituted for the trustees, of whom they are representatives : and upon their failure to shew cause at the expiration of said term, and a certificate of such failure, being attached by the Clerk of this Court to the petition of said *Wm. Gale* and wife, that then, it is *ordered* and decreed, that *James Eppinger* and *Adam Cope,* be, and they are hereby appointed—trustees in lieu and in the stead of the trustees and their representatives as named in the marriage settlement: and it is further *ordered,* that *Adam Cope* be and is hereby appointed a receiver of said trust estates, until the said trustees shall have entered upon their duties in obedience to this order.